CLARENCE W. HITCHCOCK, APPELLEE, v. ESSEX AND HUDSON GAS COMPANY, APPELLANT.

Argued November 4, 1903—Decided February 23, 1904.

Where an agreement between an owner or occupant of premises and a gas company for the installation of a gas metre upon the premises, for the purpose of registering the gas to be consumed thereon, contains a clause that the company or its agent "shall have free access to the metre and its connections, at all reasonable hours, and for any purpose, and may remove the same, and upon a failure to comply with any of the rules of the company, may sever the connection and the service-pipe, and discontinue the same," an action of tort, as for trespass *quare clausum fregit*, will not lie against the gas company or its agent, after default in payment, under the rules of the company, for gas consumed, because an agent of the company entered upon the premises, and, without the consent of the owner or occupant, and without the use of force or the doing of any unnecessary damage, removed the metre.

On appeal from the Second District Court of Newark.

Before Justices FORT and PITNEY.

For the appellant, *Riker & Riker.*

For the appellee, *Neilson Abeel.*

The opinion of the court was delivered by

FORT, J. There should have been a direction of a verdict for the defendant in this case.

When the case was closed it appeared that the defendant's agent entered the premises to remove a gas metre thereon under the terms of a contract under which the metre was installed. That contract read as follows:

"No. 41,211. NEWARK, N. J., Jan. 6, 1900.

"I hereby make application to the Essex and Hudson Gas Company for gas, to be supplied to the premises No. 258 South Eighth street, occupied by me as a residence, and agree to pay for the same promptly, at the regular price and according to the rules of the company; also to hold me responsible for all gas consumed on the said premises until forty-eight hours after notice has been duly given at the office of the company to discontinue the supply.

"It is further agreed that the duly-authorized agents of the said company shall have free access to the metre and its connections at all reasonable hours and for any purpose, and may remove the same, and may also, upon my failure to comply with any of the rules of the company, sever the connection with the service-pipe and discontinue the service.

"C. W. HITCHCOCK.

"Consumers' Ledger, folio ......
"Size of metre ...........
"Deposit, $........ No........",

It appeared by the proof that the plaintiff's gas bills for the months of December, 1902, and January and February, 1903, were unpaid; that the defendant's agent obtained, through an open door in the rear of the house, free and uninterrupted access to the metre and removed it.

There was some attempt to prove that the outside door was forced, but there was no proof of that fact. The agent who entered was the only person who could testify to the fact, no other person claimed to have seen him enter, and he testified that he walked in at an open door.

The defendant company had the right to remove the metre within reasonable hours by any proper means short of the use of force. It was the property of the defendant, set up upon property in the possession of the plaintiff, and at his request, and under a contract which gave the defendant liberty to take it away at will for any violation of the rules, failure to pay for gas consumed being one.

It was not a trespass to go upon the premises of the plaintiff and take the metre under the license proven in the case to have been given by the plaintiff to the defendant. *C. F. Adams Co.* v. *Sanders,* 66 *S. W. Rep.* 815; *Ramey* v. *Kimball Co.,* 58 *Id.* 471.

Such a license is coupled with an interest. In such a case the authority conferred by the license is not merely a permission; it amounts to a grant. *Sterling* v. *Warden,* 51 *N. H.* 217; *Cos. Torts* 316.

The judgment in this case will be reversed and judgment will be ordered entered for the defendant, with costs.